# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ISAAC EDUARDO SOSA-VASQUEZ,

Petitioner,

v.

Case No. 26-CV-600-JPS

SHERIFF DALE J. SCHMIDT,
DIRECTOR SAM OLSON, TODD M.
LYONS, MARKWAYNE MULLIN,
and TODD BLANCHE,

**ORDER**

Respondents.

## 1. INTRODUCTION

Petitioner Isaac Eduardo Sosa-Vasquez ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") and is incarcerated at Dodge County Detention Facility in Wisconsin, where Respondent Dale Schmidt[1] is his physical custodian. ECF No. 1 at 5. He argues that his continued detention without a bond hearing is unlawful and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally id.* He seeks immediate release from custody or a bond hearing, as well as an order directing Respondents "not to transfer him to any facility that would deprive him of meaningful access to counsel while this matter is pending" and, if the petition is granted, return of Petitioner's personal and immigration documents to him and imposition of release conditions

---

[1]Respondent Todd Lyons is the Director of ICE, an agency of DHS, Respondent Sam Olson is Director of the Chicago Field Office of ICE, Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"), and Respondent Todd Blanche is the Acting Attorney General of the United States. ECF No. 1 at 5–6.

consistent with those previously imposed on him. *Id.* at 3–4, 30–31. This Order screens the petition.

## 2. SCREENING STANDARD

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); Cɪᴠ. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

**3. FACTS**

The following relevant facts are drawn from the petition, ECF No. 1, and accepted as true for the purposes of screening; pinpoint citations to the record are omitted except where material is quoted directly or contextualizing legal information is added.

Petitioner is a Venezuelan national who entered the United States without inspection on October 4, 2021. He was apprehended after entry. DHS then released him on an Order of Recognizance (Form 1-220A), dated October 8, 2021. The form invoked section 236 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226(a), which permits release of an apprehended alien "pending a decision on whether the alien is to be removed from the United States." Petitioner was permitted to reside in Wisconsin and complied with the conditions of his release, including attending all check-ins with ICE.

Petitioner filed an affirmative asylum application with United States Citizenship and Immigration Services ("USCIS") on October 8, 2022, which remains pending. Based on this asylum application, he was granted employment authorization, which remains valid. Petitioner also received Temporary Protected Status ("TPS") for Venezuela in 2023, which he held until the designation was terminated in 2025.

In the four and a half years since he was released, the Government did not file a Notice to Appear ("NTA") or initiate removal proceedings of any kind. DHS conducted routine ICE check-ins with Petitioner throughout this period.

On March 10, 2026, during what Petitioner believed to be a routine check-in with ICE, officers re-arrested Petitioner pursuant to a Form I-100 Warrant for Arrest of Alien. The next day, the warrant was uploaded to the

United States Department of Justice's Executive Office for Immigration Review ("EOIR"). No officer identified any violation of Petitioner's release conditions or any change in circumstances.

An NTA was also issued on March 10, 2026, charging Petitioner with being "present in the United States without being admitted or paroled" pursuant to section 212 of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 1-4 at 2.

Petitioner has been held in custody since March 10, 2026 without a bond hearing.

**4.     LAW & ANALYSIS**

"Petitioner challenges both the statutory authority for his detention and the procedural manner in which it was effected." ECF No. 1 at 9. Petitioner theorizes that, because he was never formally admitted to the United States, the Government will argue that he is subject to mandatory detention and/or expedited removal as an inadmissible alien under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 3. However, he argues that any such position would fail in light of Petitioner's prior release under § 1226 and re-arrest on a Form I-200 warrant, which would preclude mandatory detention under § 1225. *Id.*; *id.* at 9–10, 13–15. Further, he argues, expedited removal under § 1225(b)(1) is unavailable because Petitioner has resided in the United States for more than two years and cannot be categorized as "seeking admission" at this time. *Id.* at 3 (citing 8 U.S.C. §§ 1225(b)(1)(A)(iii)(II) and 1225(b)(2)(A)); *id.* at 10–11, 15–19. Petitioner further argues that his detention without a bond hearing is unlawful on a statutory and constitutional due process basis. *Id.* at 11–13, 19–22.

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes that his custody is "in violation of the Constitution or laws . . . of

the United States." Petitioner has raised both statutory and constitutional challenges to his ICE custody. At this stage, the Court cannot say that any of these challenges appear frivolous or non-cognizable in habeas corpus proceedings. The Court also cannot conclude at this stage that the petition is untimely.

Petitioner does not state whether he has exhausted his administrative remedies as to each claim, but the Court cannot say at this stage that exhaustion is required, so will not dismiss the petition on this basis. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140 (1992), *superseded on other grounds by statute*).

Because Petitioner's claims survive screening, the Court will order Respondents[2] to respond to the petition. 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend Respondents' time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). Respondents shall respond to the petition within **ten (10)**

---

[2]It is unclear which Respondent(s) are appropriately sued in this case. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). To the extent Respondents believe that any Respondent is improperly named, or otherwise wish to challenge the Court's preliminary findings above, they should address these issues in their response to the petition.

**days** of this Order. Briefing thereafter will proceed in accordance with the schedule outlined below.

Finally, the Court addresses Petitioner's request for a "temporary restraining order to preserve access to counsel." ECF No. 1 at 27. Petitioner represents that his current place of confinement, Dodge County Detention Facility, "provides adequate access." *Id.* at 29. The Court will direct Respondents to confer with DHS and determine whether it will agree not to remove Petitioner from Dodge County Detention Facility while this petition remains pending. Within **five (5) days** of this Order, Respondents shall file a status report on the docket noting DHS's response to the above inquiry.

## 5.    CONCLUSION

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

**IT IS FURTHER ORDERED** that Respondents shall confer with the Department of Homeland Security as stated herein and, within **five (5) days** of this Order, file a status report on the docket noting DHS's response; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1.    Within **ten (10) days** of receipt of service of the petition, Respondents shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules

Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.      If Respondents file an answer, then the parties should abide by the following briefing schedule:

a.      Petitioner shall have thirty (30) days after the filing of Respondents' answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b.      Respondents shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within thirty (30) days of service of Petitioner's brief, or within forty-five (45) days from the date of this order if no brief is filed by Petitioner.

c.      Petitioner may then file a reply brief, if he wishes to do so, within ten (10) days after Respondents have filed a response brief.

3.      If Respondents file a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a.      Petitioner shall have thirty (30) days following the filing of Respondents' dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b.      Respondents shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a

dispositive motion filed by Respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge